**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBEIDY LOPEZ-ZUNIGA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1205-SLP** |
| | ) | |
| **MARKWAYNE MULLIN[1] et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Robeidy Lopez-Zuniga, a noncitizen[2] appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF Nos. 1 & 5).[3] Chief United States District Judge Scott L. Palk referred the matter to the undersigned magistrate judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a response. (ECF No. 14).[4] Petitioner did not file a reply and the time to do so has lapsed. (ECF No. 12).

---

[1] The Warden of Cimarron Correctional Facility is not a federal official, and the Government did not file a response on the Warden's behalf. (ECF No. 14:2 n.1). Secretary Mullin and Acting Director Venturella are automatically substituted as respondents. *Id.*; *see* Fed. R. Civ. P. 25(d).

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[4] Because the original Petition was filed by a layperson purporting to act as Petitioner's "next friend," (ECF No. 1:7, 13), the undersigned ordered Petitioner to file a signed amended petition and to pay the filing fee or seek leave to proceed in forma pauperis. (ECF No. 4). Petitioner then filed an amended petition on the Court's form, which he signed himself. (ECF No. 5). The undersigned later recommended dismissal based on Petitioner's failure to pay the filing fee or seek leave to proceed in forma pauperis, (ECF No. 7), but Petitioner paid the fee, (ECF No. 8), and Chief Judge Palk declined to adopt the recommendation and re-referred the matter to the undersigned, (ECF No. 11). The amended petition (ECF No. 5) is the operative pleading. Given Petitioner's pro se status, however, the undersigned has also considered the arguments raised in the original Petition, which Respondents address in their response. (ECF No. 14:3

For the reasons set forth below, the undersigned recommends the Court **GRANT IN PART** Petitioner's request for habeas relief and order Respondents to provide Petitioner with an individualized custody hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Cuba who entered the United States without inspection near San Luis, Arizona, on or about July 12, 2022. (ECF Nos. 14-1:1 & 14-2:2). The next day, the Department of Homeland Security (DHS) charged Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and released him on his own recognizance under section 236 of the Immigration and Nationality Act (INA).[5] (ECF Nos. 14-1:1, 14-3 & 14-4). On February 24, 2026, U.S. Immigration and Customs Enforcement (ICE) arrested Petitioner pursuant to a warrant when he appeared for a check-in appointment at its Oklahoma City office. (ECF Nos. 5:7, 14-5:2 & 14-6). Petitioner has no criminal history and is detained at Cimarron Correctional Facility in Cushing, Oklahoma. (ECF No. 14-5:3).[6]

On May 13, 2026, an Immigration Judge (IJ) denied Petitioner's applications for relief and ordered him removed to Cuba. (ECF No. 14-7:1, 3). Petitioner's appeal to the Board of Immigration Appeals (BIA), filed June 1, 2026, remains pending. (ECF No. 14-8:1).[7]

---

[5] This section is codified at 8 U.S.C. § 1226.

[6] *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Oct. 9, 2026).

[7] *See* EOIR Automated Case Information System, acis.eoir.justice.gov/en/caseInformation (last visited Oct. 9, 2026).

## II. PETITIONER'S CLAIMS

Liberally construed, Petitioner asserts that (1) he is being detained without an adequate, individualized process; (2) he was detained without notice when he appeared for a scheduled ICE appointment and has had no meaningful opportunity to challenge his detention, in violation of the Due Process Clause of the Fifth Amendment; and (3) his detention has become prolonged and unjustified because he has no criminal history and poses no danger to the community. (ECF No. 5:7-8). Petitioner asks the Court to order Respondents to provide him with an adequate bond hearing or to release him under reasonable conditions of supervision. (ECF No. 5:8). Petitioner also asks that the government bear the burden of proving by clear and convincing evidence that his detention is justified. (ECF No. 1:5).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). Because Petitioner proceeds pro se, the Court construes his filings liberally, but it does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## IV. DISCUSSION

### A. Section 1226(a) Governs Petitioner's Detention

Petitioner's detention is governed by 8 U.S.C. § 1226(a). Under the INA, detention of noncitizens who are "applicants for admission"[8] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of noncitizens on a warrant and grants ICE the discretion to continue detention of the noncitizen or to release the noncitizen on bond.[9] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

---

[8] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

[9] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. *Id.* § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). *Id.* § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

*Id.* at 1239. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede. *See* ECF No. 14:2 ("The Federal Respondents respectfully submit that this matter is controlled by the Tenth Circuit's opinion in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026)."); ECF No. 14:4 ("The Government does not dispute that, under the holding in *Quiroz*, Petitioner is detained pursuant to § 1226(a) . . . ."). Although Respondents preserve their position that the Fifth and Eighth Circuits have correctly interpreted § 1225(b)(2)(A), they acknowledge that *Santillan Quiroz* governs this case. (ECF No. 14:2 & n.2).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, and Respondents' concession as to the same controlling the outcome of this case, the undersigned concludes that Petitioner, who was detained in the interior of the United States more than three years after being released into the interior of the country, is subject to detention under § 1226(a). (ECF Nos. 14-3 & 14-5:2). And because Petitioner's BIA appeal remains pending, his removal order is not final and his detention is not governed by the post-order detention provisions of 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(1)(B)(i); (ECF No. 14:3 n.3).[10] Petitioner has not been granted the bond hearing provided in § 1226(a). Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3).

---

[10] An order of removal "shall become final upon the earlier of – (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1(a).

## B. A Bond Hearing Is the Appropriate Remedy

Petitioner asks for a bond hearing or, alternatively, release under supervision. (ECF No. 5:8). "[U]nlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Because a bond hearing is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with one. *Id.*; *see Santillan Quiroz*, 180 F.4th at 1248, 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)"); *Lopez v. Warden/Adm'r of Diamondback Corr. Facility*, No. CIV-26-1090-R, 2026 WL 2350442, at *4 (W.D. Okla. Aug. 13, 2026) (concluding "a bond hearing is the proper remedy for a noncitizen detained under § 1226(a)"); *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025). Respondents agree that a bond hearing is the appropriate remedy. (ECF No. 14:4-5).[11]

The Court should, however, deny Petitioner's request that the government bear the burden of proof by clear and convincing evidence at that hearing. Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Guzman*

[11] Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked. *See, e.g.*, *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Although Petitioner was previously released on his own recognizance, he does not develop a claim that ICE's revocation of that release independently entitles him to release, and he principally requests a bond hearing. (ECF No. 5:8). *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release).

*Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (declining to address petitioner's burden-shifting claim). Petitioner offers no reason to depart from that practice here.

The Court should thus grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or otherwise release Petitioner.

### C. The Court Should Decline to Address Petitioner's Due Process Claims

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's due process claims. The Court can grant Petitioner relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *Lopez*, 2026 WL 2350442, at *5; *see also Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445-46 (1988).

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October**

**16, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on October 9, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE